**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| GEORGE HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:23-cv-232-JAG |
| | ) |
| GLENN YOUNGKIN, Governor of Virginia, | ) |
| in his official capacity, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, by and through their counsel, make the following assertions, admissions, denials, and defenses in answer to the claims filed against them by Plaintiff George Hawkins.

### NATURE OF ACTION

1. The bulk of the allegations in paragraph 1 are Plaintiff's legal conclusions to which no answer is required. Defendants admit that Bob McDonnell, Terry McAuliffe, and Ralph Northam have previously served as Governor of Virginia. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in the paragraph—namely, Plaintiff's characterization of previous Governors' voting-restoration schemes.

2. Defendants admit that Glenn Youngkin is the Governor of Virginia. Defendants deny that Kay Coles James is still Secretary of the Commonwealth because she has been replaced by Kelly Gee. Defendants admit that they exercise discretion to restore the voting rights of convicted felons. The remaining allegations in paragraph 2 are Plaintiff's legal conclusions to which no answer is required; however, to the extent a response is required, Defendants deny the allegations.

3. The allegations in paragraph 3 are Plaintiff's legal conclusions to which no answer is required.

4. The bulk of the allegations in paragraph 4 are Plaintiff's legal conclusions to which no response is required. Defendants admit that the Governor has stated that every individual's application "is looked at carefully" and that all individual applicants "deserve that." Defendants state that the letter to State Senator Lionell Spruill speaks for itself.

5. The allegations in paragraph 5 are Plaintiff's legal conclusions to which no response is required; however, to the extent a response is required, Defendants lack sufficient information to form a belief as to the truth of the factual allegations in the paragraph and neither admit nor deny them.

6. The allegations in paragraph 6 are Plaintiff's legal conclusions to which no response is required.

7. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 7 and neither admit nor deny them.

8. The allegations in paragraph 8 are legal conclusions to which no response is required.

9. Defendants admit that Plaintiff George Hawkins is a convicted felon, that he does not possess the right to vote, that he applied for restoration of his voting rights, and that his application has been deemed ineligible at this time. Defendants do not address the allegations regarding former Plaintiff Gregory Williams because he has been dismissed from the case.

10. Defendants do not address the allegations regarding former Plaintiff Nolef Turns, Inc., because it has been dismissed from the case.

## JURISDICTION AND VENUE

11. The allegations in paragraph 11 are Plaintiff's legal conclusions to which no response is required.

12. The allegations in paragraph 12 are Plaintiff's legal conclusions to which no response is required.

13. The allegations in paragraph 13 are Plaintiff's legal conclusions to which no response is required.

14. The first sentence of paragraph 14 contains Plaintiff's legal conclusions to which no response is required. Defendants admit that Glenn Youngkin is an elected state government official who works in Richmond, Virginia. Defendants deny that Kay Coles James is an appointed state government official who works in Richmond, Virginia, because she has been replaced as Secretary of the Commonwealth by Kelly Gee.

15. The bulk of the allegations in paragraph 15 are Plaintiff's legal conclusions to which no response is required. Defendants admit that they are state officials working in Richmond, Virginia. Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 15 and neither admit nor deny them.

## PARTIES

16. Defendants do not address the allegations in paragraph 16 regarding former Plaintiff Nolef Turns, Inc., because it has been dismissed from the case.

17. Defendants do not address the allegations in paragraph 17 regarding former Plaintiff Gregory Williams because he has been dismissed from the case.

18. Defendants admit that Plaintiff George Hawkins was convicted of felonies in Virginia state court for conduct committed when he was 17 years old, that he was released from

incarceration on May 3, 2023, that he has submitted an application to have his voting rights restored, and that his voting rights have not yet been restored because his application has been deemed ineligible at this time. Plaintiff's characterization of Virginia's voting-restoration scheme as "arbitrary" is a legal conclusion to which no response is required; however, to the extent a response is required, Defendants deny that the voting-restoration scheme is "arbitrary." Defendants lack sufficient information to form a belief as to the truth of the remaining factual allegations in paragraph 18 and neither admit nor deny them.

19. Defendants admit that Glenn Youngkin is the Governor of Virginia. The remainder of the allegations in paragraph 19 are Plaintiff's legal conclusions to which no response is required.

20. Defendants deny that Kay Coles James is the Secretary of the Commonwealth of Virginia because she has been replaced by Kelly Gee. The remainder of the allegations in paragraph 20 are Plaintiff's legal conclusions to which no response is required.

## BACKGROUND

21. The allegations in paragraph 21 are Plaintiff's legal conclusions to which no response is required; however, to the extent a response is required, Defendants state that the cited legal authorities speak for themselves and deny any allegation inconsistent with the same.

22. The allegations in paragraph 22 are Plaintiff's legal conclusions to which no response is required; however, to the extent a response is required, Defendants state that the cited legal authorities speak for themselves and deny any allegation inconsistent with the same.

23. The allegations in paragraph 23 are Plaintiff's legal conclusions to which no response is required; however, to the extent a response is required, Defendants state that the cited legal authorities speak for themselves and deny any allegation inconsistent with the same.

24. The allegations in paragraph 24 are Plaintiff's legal conclusions to which no response is required; however, to the extent a response is required, Defendants state that the cited legal authorities speak for themselves and deny any allegation inconsistent with the same.

25. Defendants admit that convicted felons may use the form to apply to have their voting rights restored by mail and through the State's website. Defendants state that the form and website speak for themselves, and Defendants deny any allegations inconsistent with the same.

26. Defendants state that the form speaks for itself, and Defendants deny any allegations inconsistent with the same.

27. Defendants state that the form speaks for itself, and Defendants deny any allegations inconsistent with the same.

28. Defendants state that the form speaks for itself, and Defendants deny any allegations inconsistent with the same.

29. Defendants state that the form speaks for itself, and Defendants deny any allegations inconsistent with the same.

30. Defendants admit the factual allegations in paragraph 30, except to the extent that they are premised on Kay Coles James being the Secretary of the Commonwealth of Virginia because she has been replaced by Kelly Gee.

31. Defendants admit the factual allegations in paragraph 31.

32. The bulk of the allegations in paragraph 32 are Plaintiff's legal conclusions to which no response is required. Defendants lack sufficient information to form a belief as to the truth of the factual allegations regarding "[a]ll" the information that "can be readily learned or ascertained from easily accessed sources, a Google Search, or government databases" in paragraph 32, and Defendants neither admit nor deny those allegations.

33. Defendants state that the letter and "reported email" sent to State Senator Lionel Spruill speak for themselves, and Defendants deny any allegations inconsistent with the same. The remainder of the allegations in paragraph 33 are Plaintiff's legal conclusions to which no response is required; however, to the extent a response is required, Defendants deny the allegations in paragraph 33.

34. The bulk of the allegations in paragraph 34 are Plaintiff's legal conclusions to which no response is required. Defendants state that the cited Executive Order speaks for itself, and Defendants deny any allegations inconsistent with the same. Defendants admit that Governor McDonnell restored voting rights to over 8,000 convicted felons.

35. The bulk of the allegations in paragraph 35 are Plaintiff's legal conclusions to which no response is required. Defendants deny that Governor McAuliffe restored voting rights to over 173,000 convicted felons.

36. The bulk of the allegations in paragraph 36 are Plaintiff's legal conclusions to which no response is required. Defendants deny that Governor Northam restored voting rights to over 126,000 convicted felons.

37. The allegations in paragraph 37 are Plaintiff's legal conclusions to which no response is required.

38. The allegations in paragraph 38 are Plaintiff's legal conclusions to which no response is required.

39. The bulk of the allegations in paragraph 39 are Plaintiff's legal conclusions to which no response is required. Defendants admit that Governor Youngkin restored voting rights to approximately 4,300 convicted felons during his first year in office. Defendants admit that Governor Youngkin implemented his policy regarding voting restoration in 2022.

40. Defendants deny the allegation in paragraph 40.

41. The allegations in paragraph 41 are Plaintiff's legal conclusions to which no response is required; however, to the extent a response is required, Defendants deny the allegations in paragraph 41.

42. Defendants lack sufficient information to form a belief as to the truth of the factual allegations in paragraph 42 and neither admit nor deny them.

## INJURY TO PLAINTIFFS

43. Defendants do not address the allegations relating to former Plaintiff Nolef Turns, Inc., because it has been dismissed from the case. The remaining allegations in paragraph 43 are Plaintiff's legal conclusions to which no response is required; however, to the extent a response is required, Defendants deny the remaining allegations in paragraph 43.

44. Defendants do not address the allegations relating to former Plaintiff Nolef Turns, Inc., because it has been dismissed from the case. Defendants deny the remaining factual allegations in paragraph 44.

45. Defendants do not address the allegations relating to former Plaintiff Nolef Turns, Inc., because it has been dismissed from the case. The remaining allegations in paragraph 45 are Plaintiff's legal conclusions to which no response is required; however, to the extent a response is required, Defendants deny the remaining allegations in paragraph 45.

46. Defendants do not address the allegations relating to former Plaintiff Nolef Turns, Inc., because it has been dismissed from the case. Defendants admit that former Secretary James previously stated that multiple Virginia state agencies provide information regarding applicants for voting restoration.

47. Defendants do not address the allegations relating to former Plaintiff Nolef Turns, Inc., because it has been dismissed from the case. Defendants deny that "many restoration applications languish with Defendants' offices for longer than three months," and Defendants deny the allegations regarding a specified "waiting period." The remainder of the allegations in paragraph 47 are Plaintiff's legal conclusions to which no response is required.

48. Defendants do not address the allegations relating to former Plaintiff Nolef Turns, Inc., because it has been dismissed from the case. The remaining allegations in paragraph 48 are legal conclusions to which no response is required; however, to the extent a response is required, Defendants deny the allegations.

49. Defendants do not address the allegations relating to former Plaintiff Gregory Williams because he has been dismissed from the case. The remainder of the allegations in paragraph 49 are Plaintiff's legal conclusions to which no response is required; however, to the extent a response is required, Defendants deny the remaining allegations in paragraph 49.

## COUNT ONE

50. Defendants adopt and incorporate by reference their answers to the allegations in paragraphs 1 through 49.

51. The allegations in paragraph 51 are Plaintiff's legal conclusions to which no response is required.

52. The allegations in paragraph 52 are Plaintiff's legal conclusions to which no response is required.

53. The allegations in paragraph 53 are Plaintiff's legal conclusions to which no response is required.

54. The allegations in paragraph 54 are Plaintiff's legal conclusions to which no response is required; however, to the extent a response is required, Defendants deny the allegations.

55. The allegations in paragraph 55 are Plaintiff's legal conclusions to which no response is required.

56. The bulk of the allegations in paragraph 56 are Plaintiff's legal conclusions to which no response is required. Defendants lack sufficient information to form a belief as to the truth of the factual allegations regarding "[a]ll" the information that "can be readily learned or ascertained from easily accessed sources, a Google Search, or government databases" in paragraph 56, and Defendants neither admit nor deny those allegations.

57. The allegations in paragraph 57 are Plaintiff's legal conclusions to which no response is required; however, to the extent a response is required, Defendants deny the allegations.

58. The allegations in paragraph 58 are Plaintiff's legal conclusions to which no response is required.

59. The allegations in paragraph 59 are Plaintiff's legal conclusions to which no response is required; however, to the extent a response is required, Defendants deny the allegations.

**COUNT TWO**

60. Defendants adopt and incorporate by reference their answers to the allegations in paragraphs 1 through 59.

61. The allegations in paragraph 61 are Plaintiff's legal conclusions to which no response is required.

62. The allegations in paragraph 62 are Plaintiff's legal conclusions to which no response is required.

63. The allegations in paragraph 63 are Plaintiff's legal conclusions to which no response is required.

64. The allegations in paragraph 64 are Plaintiff's legal conclusions to which no response is required.

65. The allegations in paragraph 65 are Plaintiff's legal conclusions to which no response is required.

66. The allegations in paragraph 66 are Plaintiff's legal conclusions to which no response is required.

67. The allegations in paragraph 67 are Plaintiff's legal conclusions to which no response is required.

68. The allegations in paragraph 68 are Plaintiff's legal conclusions to which no response is required.

69. The allegations in paragraph 69 are Plaintiff's legal conclusions to which no response is required.

WHEREFORE, Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice, deny Plaintiff's Prayer for Relief, and grant any and all other relief deemed just and proper.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

70. Plaintiff's Complaint fails to state a valid claim for relief.

## Second Affirmative Defense

71. Plaintiff lacks standing to bring his claims.

Dated: October 20, 2023

Respectfully submitted,

GLENN YOUNGKIN
KELLY GEE

By:    /s/ Andrew N. Ferguson
     Andrew N. Ferguson (VSB #86583)
      *Solicitor General*

Jason S. Miyares
  *Attorney General*

Erika L. Maley (VSB #97533)
  *Principal Deputy Solicitor General*

Steven G. Popps (VSB #80817)
  *Deputy Attorney General*

Kevin M. Gallagher (VSB #87548)
  *Deputy Solicitor General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071 – Telephone
(804) 786-1991 – Facsimile
AFerguson@oag.state.va.us

Travis S. Andrews (VSB #90520)
  *Assistant Attorney General*

Charles J. Cooper (*Pro Hac Vice*)
Haley N. Proctor (VSB #84272)
Joseph O. Masterman (*Pro Hac Vice*)
John D. Ramer (*Pro Hac Vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com

*Counsel for Defendants Glenn Youngkin and Kelly Gee*

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on October 20, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties of record.

                                      */s/ Andrew N. Ferguson*
                                      Andrew N. Ferguson (VSB #86583)
                                             *Solicitor General*