**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| GEORGE HAWKINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 3:23-cv-00232 |
| GLENN YOUNGKIN, in his official | ) | |
| capacity as Governor of Virginia, and | ) | |
| KELLY GEE, in her official | ) | |
| capacity as Secretary of the Commonwealth | ) | |
| of Virginia | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**JOINT STIPULATION OF UNDISPUTED FACTS**

The Parties, by and through their undersigned counsel, hereby jointly stipulate to the following undisputed facts:

***Undisputed Facts Relating to Plaintiff George Hawkins***

1.      In 2010, Plaintiff George Hawkins was convicted of at least one felony offense.

2.      Mr. Hawkins was sentenced to a term of incarceration.

3.      On May 3, 2023, Mr. Hawkins completed his term of incarceration.

4.      On June 18, 2023, Mr. Hawkins submitted an application for the restoration of his voting rights.

5.      On August 17, 2023, Governor Youngkin notified Mr. Hawkins that his application was deemed "ineligible at this time." *See* Declaration of Jonathan Sherman ("Sherman Decl.") ¶ 6, Ex. E (at Column M ("Date Closed")).

*Undisputed Facts Relating to Virginia's Restoration of Voting Rights Process*

6.     On January 15, 2022, Governor Youngkin assumed office.

7.     After taking office, Governor Youngkin decided to implement his current policy regarding rights restoration, which was fully implemented by December 9, 2022. *See* ECF No. 43, Ans. to SAC ¶ 39; *see also* Sherman Decl. ¶ 22, Ex. U.

8.     From January 15, 2022, to August 14, 2023, Governor Youngkin granted restoration of voting rights to a total of 6,162 people with felony convictions. ECF No. 27-1, Declaration of Kay Cole James Decl. ¶ 4; *see also* Sherman Decl. ¶ 8, Ex. G (Gov. press releases announcing the grant of restoration of rights to 3,496 Virginians, dated May 20, 2022, and announcing the grant of restoration of rights "for over 800 formerly incarcerated Virginians," dated Oct. 21, 2022). The first group of 3,496 individuals whose voting rights were restored had their rights restored before Governor Youngkin's current policy was implemented.

9.     The current version of the Restoration of Rights form was made available online on December 6, 2022, and fully incorporated into the materials provided to every person released from incarceration by December 9, 2022. *See* Sherman Decl. ¶ 9, Ex. H; *see also id*. at ¶ 22, Ex. U.

10.     Applicants for voting rights restoration may (a) submit their application using the online form[1]; or (b) they may print out and mail a completed paper copy[2] to the Restoration of Rights Division within the Office of the Secretary of the Commonwealth ("Restoration of Rights Division").

---

[1] *Available at:* https://cov-ror.azurewebsites.net/Search
[2] *Available at:* https://www.restore.virginia.gov/media/governorvirginiagov/restoration-of-rights/pdf/ror_form.pdf

11. As of this filing, the Commonwealth's official Restoration of Rights website states that "[t]o be eligible to apply for consideration for the restoration of civil rights, an individual must be free from any term of incarceration resulting from felony conviction(s)." *See* ECF Nos. 49-50 (Motion for Judicial Notice and Memorandum in Support) at ECF No. 50-1, *also available at:* https://www.restore.virginia.gov. Further, in response to the Frequently Asked Question "Am I eligible to have my rights restored?", the Commonwealth's official website answers: "Governor Youngkin will consider restoration of rights for any individuals that have finished any term of incarceration as a result of a felony conviction."[3] *Id*. at ECF No. 50-2, *also available at:* https://www.restore.virginia.gov/frequently-asked-questions/.

12. The current application requests the following information from the restoration applicant: (a) full legal name; (b) full name when convicted; (c) Social Security Number; (d) date of birth; (e) gender (male/female); (f) street address; (g) phone number; (h) email address; (i) court of conviction (Virginia Circuit Court, Out of State Circuit Court, Military Court, Federal Court); (j) citizenship status; (k) whether the applicant has been convicted of a violent crime, and if so, the crime and date of conviction; (l) whether the applicant has completed serving all terms of incarceration; (m) whether the applicant is currently on probation, parole, or other state supervision, and if so, the expected end date; and (n) checkbox requiring applicant to indicate either that they have "paid all fines, fees, and restitution" or that they are "currently paying my fines, fees, and restitution" with a receipt or payment plan from the court attached. Sherman Decl. ¶ 9, Ex. H.

---

[3] https://www.restore.virginia.gov/frequently-asked-questions/ ("Am I eligible to have my rights restored?")

13. Apart from an applicant's death or citizenship status, the above data points are not, as a matter of law, dispositive of the outcome of a voting rights restoration application. Sherman Decl. ¶ 2, Ex. A at Response to Interrog. No. 2.

14. Defendants have stated that they "have the *legal* authority to ignore these factors in any particular case or to ignore them entirely. These factors do not 'limit' or 'constrain' the Governor's discretion in deciding whether to grant or deny any particular voting-restoration application." Sherman Decl. ¶ 3, Ex. B at Response to Interrog. Nos. 1 and 2.

15. Defendants have stated that the "ultimate decision determining the outcome of an individual's voting-restoration application—the predictive judgment regarding whether an applicant will live as a responsible citizen and member of the political body—is committed to the Governor's discretion." *Id.*

16. The application is reviewed for "accuracy, completeness, eligibility, and previous restorations" by the staff of the Restoration of Rights Division. *See* Sherman Decl. ¶ 10, Ex. I.

17. If there is data missing from the application, the applicant is notified. *See* Sherman Decl. ¶ 10, Ex. I. Defendants' policy is to give each restoration applicant the opportunity to provide the missing data or documentation. *See, e.g.*, *id*. ¶ 13, Ex. L. If an applicant fails to provide the missing data or documentation, the application will not be granted.

18. For complete restoration applications, the Restoration of Rights Division orders criminal record checks from the Central Criminal Records Exchange, which is run by the Virginia State Police. *See* Sherman Decl. ¶ 10, Ex. I; *see also id.* ¶ 14, Ex. M at Bates 000010; *see also id.* ¶ 15, Ex. N.

19. If the applicant was not convicted of a felony in a Commonwealth of Virginia court, the applicant is notified of that fact by phone or email. *See* Sherman Decl. ¶ 10, Ex. I; *see, e.g.*, *id.* ¶ 16, Ex. O.

20. If the applicant indicates that they have a federal conviction, the Rights Restoration Division staff will contact the applicant via email to request "information stating the exact date [the applicant] was released from federal incarceration or supervised release such as probation or parole." *See, e.g.*, Sherman Decl. ¶ 17, Ex. P.

21. The state agency review consists of the Restoration of Rights Division sending applicants' names and information to the Virginia Department of Elections, Virginia Department of Behavioral Health and Development Services, the Virginia Department of Corrections ("DOC"), and the Virginia Compensation Board. *See* Sherman Decl. ¶ 10, Ex. I; *see, e.g.*, *id.* ¶ 18, Ex. Q.

22. The state agencies then respond with any information they have regarding the identified applicants.

23. The Department of Elections provides data as to whether the applicant is deceased, mentally incapacitated, a non-citizen, or that they have no information on the applicant. *See* Sherman Decl. ¶ 14, Ex. M (at Bates 000010).

24. The Department of Behavioral Health and Development Services provides data as to whether the applicant is not on supervision, is incarcerated with the Virginia Center for Behavioral Rehabilitation or a state mental hospital or is on conditional or unconditional release from the Virginia Center for Behavioral Rehabilitation or has been found not guilty by reason of insanity ("NGRI"). *Id.*

25.     The Virginia Compensation Board provides data as to whether the applicant is not on supervision, is an "inmate with a state or local responsibility felony," is an inmate with a federal offense, is released to an out-of-state authority, is awaiting trial, is released to a mental hospital, is on supervised release, or is bonded and with pre-trial services. *Id.*

26.     The Department of Corrections provides data as to whether the applicant is not on supervision, incarcerated in a DOC facility, incarcerated in a local jail, on community supervision, an absconder or fugitive, or under interstate compact community supervision. *Id.*

27.     "Using research and information provided by the applicant, CCRE [Central Criminal Records Exchange], and other state agencies," the Secretary of the Commonwealth makes a recommendation to the Governor as to the disposition of the application. The Governor may grant or deny the rights restoration application. Sherman Decl. ¶ 10, Ex. I.

28.     Defendants have represented that their policy is that a voting rights restoration application is eligible for the Governor's consideration and ultimate decision to grant or deny it, unless the application was submitted by a person who is still incarcerated, a person who is currently subject to a pending felony charge, a person who is under supervised release for an out-of-state or federal conviction, or a person who does not satisfy the voting qualifications set forth by Virginia law, such as age, citizenship status, and residency requirements, or the application is incomplete.

29.     Defendants' policy is that an application is complete if it fulfills two requirements (a) the applicant has filled out all required fields on the current application, whether they submitted it online or in paper form; and (b) the applicant has responded to all inquiries from the Governor's office, the Secretary of the Commonwealth's office, or any other Virginia agency that has submitted an inquiry to the applicant related to their voting rights restoration application.

30.     Defendants maintain an internal database to assist in tracking application information. Defendants have produced a portion of this internal database showing specified entries regarding applications submitted by individuals between May 17, 2022, and January 22, 2024. Sherman Decl. ¶ 6, Ex. E. These entries reflect information automatically imported from an individual applicant's online application and/or information entered manually by employees of the Secretary of the Commonwealth. Defendants maintain the database in the ordinary course of business, strive to ensure its accuracy, and do not presently have any reason to believe any database entries are inaccurate.

31.     In this database, all denials of voting restoration applications are coded with only the following three status codes in Defendants' internal database: "ineligible," "not granted at this time," or "ineligible at this time."

32.     Applicants whose restoration applications are approved are notified online and by mail. Applicants who are deemed ineligible are also notified of that determination online. Sherman Decl. ¶ 10, Ex. I; *see, e.g.*, *id.* ¶ 19, Ex. R.

33.     If the applicant's rights were already restored, a copy of the order is sent by email or mail to the applicant if requested. Sherman Decl. ¶ 10, Ex. I; *see, e.g.*, *id.* ¶¶ 20-21, Exs. S-T.

34.     There is no time limit by which the Governor must grant or deny an application for voting rights restoration. Sherman Decl. ¶ 2, Ex. A at Response to RFA No. 4.

***Data Regarding Restoration of Rights Applications Submitted from May 17, 2022 to January 22, 2024 (Hawkins_Def_001660)[4]***

35.     In the internal rights restoration database spreadsheet produced to Plaintiff, the column titled "Created On" reflects when the system recognizes that an application was started,

---

[4] *See* Sherman Decl. ¶ 6, Ex. E.

even if the applicant has not finished filling out the fields and submitted the application. *See* Sherman Decl. ¶ 6, Ex. E.

36.     In the internal rights restoration database spreadsheet produced to Plaintiff, the column titled "Date Received" reflects when the applicant has submitted the application, and the system has put the application in a queue for review. Sherman Decl. ¶ 6, Ex. E.

37.     In the internal rights restoration database spreadsheet produced to Plaintiff, the column titled "Claims to Have Finished Sentence" corresponds to the restoration application question of "have you completed serving all terms of incarceration?" *Compare* Sherman Decl. ¶ 6, Ex. E, *with id*. ¶ 9, Ex. H.

38.     In the internal rights restoration database spreadsheet produced to Plaintiff, the column titled "Claims Currently on Probation" reflects responses to the application question of "are you currently on probation, parole or other state supervision?" *Compare* Sherman Decl. ¶ 6, Ex. E, *with id*. ¶ 9, Ex. H. The column titled "ProbationEndDate" accordingly reflects the expected end date of the applicant's probation, *parole or other state supervision. Id.* (emphasis added).

39.     In the internal rights restoration database spreadsheet produced to Plaintiff, the column titled "Claims Paid All Fines" reflects when an applicant has checked the box stating, "I have paid all fines, fees and restitution." *Compare* Sherman Decl. ¶ 6, Ex. E, *with id*. ¶ 9, Ex. H. Conversely, the column titled "Claims Currently Paying Fines" reflects when an applicant has checked the box stating, "I am currently paying my fines, fees and restitution (receipt or payment plan from court attached." *Id.*

40.     In the internal rights restoration database spreadsheet produced to Plaintiff, each application is assigned a "Current Status." Sherman Decl. ¶ 6, Ex. E. The current status of "Incomplete" indicates that there is information missing from the submitted application.

41.	In the internal rights restoration database spreadsheet produced to Plaintiff, the current statuses of "Ineligible" and "Ineligible at this time" are used interchangeably in the internal rights restoration database spreadsheet and have equivalent effect.

42.	The current status of "No Felony Found" indicates that the Restoration of Rights Division determined that the applicant has no record of a felony conviction for the Commonwealth of Virginia.

43.	The current status of "Federal Release Required" indicates that the applicant has a federal conviction, and the Restoration of Rights Division is waiting for the applicant to provide "information stating the exact date [the applicant] was released from federal incarceration or supervised release such as probation or parole." *See, e.g.*, Sherman Decl. ¶ 17, Ex. P.

44.	The current status of "Inapplicable" indicates that the applicant either does not need to apply to have his or her civil rights restored in Virginia or, in some instances, when an applicant failed to provide sufficient contact information to enable the Secretary's Office to follow up with the applicant.

45.	The current status of "Duplicate" indicates that the applicant previously had his or her civil rights restored and has not since had a felony offense, that the applicant's application was denied within the previous year, or that the applicant already has a previous application pending.

46.	The current status of "Opt Out" indicates that the applicant decided to withdraw his or her application.

47.	The current status of "Awaiting Approval" indicates that an application was sent for review by state agencies and the Virginia State Police, and the Secretary's Office is awaiting the return of those requests for review.

48. The current status of "Received" indicates that the rights restoration application has been received by the Restoration of Rights Division, but the office has not begun researching the applicant.

49. The current statuses of "Needs More Info" and "Information Requested" indicate that the Restoration of Rights Division has requested that the applicant provide additional information to clarify or supplement their application.

Dated: February 14, 2024

Respectfully Submitted,

*/s/ Terry C. Frank*
Terry C. Frank, Esq. (VSB No. 74890)
Terry Frank Law
6722 Patterson Ave., Ste. B
Richmond, VA 23226
P: 804.899.8090
F: 804.899.8229
terry@terryfranklaw.com

Fair Elections Center
1825 K St. NW, Suite 701
Washington, DC 20006
P: (202) 331-0114

*/s/ Jon Sherman*
Jonathan Lee Sherman, Esq.)
(D.C. State Bar No. 998271
jsherman@fairelectionscenter.org
*Pro hac vice*

*/s/ Michelle Kanter Cohen*
Michelle Elizabeth Kanter Cohen, Esq.
(D.C. State Bar No. 989164)
Fair Elections Center
1825 K St. NW, Suite 701
Washington, DC 20006
P: (202) 331-0114
mkantercohen@fairelectionscenter.org
*Pro hac vice*

/s/ Beauregard Patterson
Beauregard William Patterson, Esq.
(WI State Bar No. 1102842)
bpatterson@fairelectionscenter.org
*Pro hac vice*

/s/ Nina Beck
Nina G. Beck, Esq.
(WI State Bar No. 1079460)
nbeck@fairelectionscenter.org
*Pro hac vice*
*Counsel for Plaintiff*


/s/ Andrew N. Ferguson
Andrew N. Ferguson (VSB #86583)
  *Solicitor General*

Jason S. Miyares
  *Attorney General*

Steven G. Popps (VSB #80817)
  *Deputy Attorney General*

Erika L. Maley (VSB #97533)
  *Principal Deputy Solicitor General*

Kevin M. Gallagher (VSB #87548)
  *Deputy Solicitor General*

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071 – Telephone
(804) 786-1991 – Facsimile
AFerguson@oag.state.va.us

Charles J. Cooper (*Pro Hac Vice*)
Haley N. Proctor (VSB #84272)
Joseph O. Masterman (*Pro Hac Vice*)
John D. Ramer (*Pro Hac Vice*)
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on February 14, 2024, I filed the foregoing with the Clerk of the Court using

the CM/ECF system, which will send a "Notice of Electronic Filing" to the CM/ECF participants.

Andrew N. Ferguson (VSB #86583)
Steven G. Popps (VSB #80817)
Kevin M. Gallagher (VSB #87548)

Office of the Attorney General
202 North Ninth Street
Richmond, Virginia 23219
(804) 786-2071 – Telephone
(804) 786-1991 – Facsimile
AFerguson@oag.state.va.us
Kgallagher@oag.state.va.us
spopps@oag.state.va.us

Charles J. Cooper (*Pro Hac Vice*)
Haley N. Proctor (VSB #84272)
Joseph O. Masterman (*Pro Hac Vice*)
John D. Ramer (*Pro Hac Vice*)

COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
ccooper@cooperkirk.com
hproctor@cooperkirk.com
jmasterman@cooperkirk.com
jramer@cooperkirk.com

*/s/ Terry C. Frank*
Terry C. Frank, Esq. (VSB No. 74890)
TERRY FRANK LAW
6722 Patterson Ave., Ste. B
Richmond, VA 23226
P: 804.899.8090
F: 804.899.8229
terry@terryfranklaw.com