# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| GEORGE HAWKINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 3:23-cv-232-JAG |
| | ) |
| GLENN YOUNGKIN, Governor of Virginia, | ) |
| in his official capacity, et al., | ) |
| | ) |
|     Defendants. | ) |

## GOVERNOR YOUNGKIN'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR ADMISSION

Pursuant to Rules 26, 33, and 36 of the Federal Rules of Civil Procedure and Local Rule 26(C) of the U.S. District Court for the Eastern District of Virginia, Governor Youngkin, in his official capacity, submits the following responses to Plaintiffs' First Set of Interrogatories and Requests for Admission to Defendant Governor Glenn Youngkin. The Governor is providing these responses subject to, and without waiving, the objections he previously served on October 10, 2023. The Governor's responses do not waive his right to challenge the relevance, materiality, and admissibility of the information provided, or to object on any basis to the use of the information in any subsequent proceeding or trial. Because discovery has only just commenced, the Governor reserves the right to supplement, revise, correct, add to, or clarify his responses, or to rely upon additional or different information or contentions at any hearing, appellate proceeding, or trial in the action.

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that You have total, absolute discretion in deciding to grant or deny an application for voting rights restoration.

1

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:** Subject to and without waiving the Governor's previously served objections, the request is DENIED.

**REQUEST FOR ADMISSION NO. 2:** Admit that You do not use any criteria in deciding whether to grant or deny applications for voting rights restoration.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:** Subject to and without waiving the Governor's previously served objections, the request is DENIED.

**REQUEST FOR ADMISSION NO. 3:** Admit that there are no laws, rules, regulations, criteria, or any other legal constraint on Your discretion to grant or deny an application for voting rights restoration.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:** Subject to and without waiving the Governor's previously served objections, the request is DENIED.

**REQUEST FOR ADMISSION NO. 4:** Admit that there is no time limit by which You must grant or deny an application for voting rights restoration.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:** Subject to and without waiving the Governor's previously served objections, the request is ADMITTED.

**RESPONSES TO INTERROGATORIES**

As explained in the Governor's previously served objections, Plaintiff's "Interrogatory No. 1" effectively contained four discrete subparts potentially seeking explanations for four different Requests for Admission. The Governor is therefore treating Plaintiff's Interrogatory as four separate interrogatories.

**INTERROGATORY NO. 1:** For each Request for Admission above that You denied in full or in part, please explain that full or partial denial.

**RESPONSE TO INTERROGATORY NO. 1:** Request for Admission No. 1 asked the Defendants to admit that they have "total, absolute discretion in deciding to grant or deny an application for voting rights restoration." Defendants denied this Request because, although Defendants exercise discretion in deciding whether to grant or deny applications for voting rights restoration, the phrase "total, absolute discretion" implies that Defendants' discretion is completely unbounded by any legal constraint. As explained in Response to Interrogatory No. 3, Defendants do not view their exercise of discretion to be completely free from any legal constraint.

**RESPONSE TO INTERROGATORY NO. 2:** Request for Admission No. 2 asked Defendants to admit they "do not use any criteria in deciding whether to grant or deny applications for voting rights restoration." Defendants denied this request because Defendants use multiple factors to guide their discretion in ultimately making a predictive determination that an individual will live as a responsible citizen and member of the political body. The application calls for information regarding the various factors that guide Defendants' exercise of their discretion to grant or deny applications for voting rights restoration. Specifically, the application requires applicants to declare whether they are U.S. citizens, whether they have been convicted of a violent crime and, if so, to provide the crime and date of conviction; whether they have completed serving all terms of their incarceration; whether they are currently on probation, parole, or other state supervision; and whether they have paid, or are currently paying, all fines, fees, and restitution. Before granting any application, Defendants also ensure the applicant is still alive. Apart from an applicant's death or citizenship status, the factors do not serve as bright-line rules that automatically result in either a grant or denial of a voting-restoration application. Instead, these factors are part of Defendants' holistic process to make a predictive judgment about whether an individual applicant can live as a responsible citizen and member of the political body.

**RESPONSE TO INTERROGATORY NO. 3:** Request for Admission No. 3 asked Defendants to admit "that there are no laws, rules, regulations, criteria, or any other legal constraint on Your discretion to grant or deny an application for voting rights restoration." As explained in Defendants' briefing in support of their motion to dismiss, their discretion is not free from all legal constraint. For example, if Defendants were exercising their discretion to invidiously discriminate on the basis of race or to intentionally discriminate on the basis of viewpoint, that conduct would be subject to constitutional constraints. Moreover, as explained in Defendants' Response to Interrogatory No. 2, Defendants use several factors—which could be labeled "criteria"—to guide the exercise of their discretion in granting or denying a voting-restoration application.

**RESPONSE TO INTERROGATORY NO. 4:** Because Request for Admission was not "denied in full or in part," no further response is required for Interrogatory No. 4.

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 25, 2023.

*Jennifer Moon*
Jennifer Moon
Deputy Secretary of the Commonwealth

| Dated: October 25, 2023 | Respectfully submitted, |
|---|---|
| | GLENN YOUNGKIN |
| | By:  /s/ Andrew N. Ferguson  <br>　　Andrew N. Ferguson (VSB #86583)<br>　　　*Solicitor General* |
| Jason S. Miyares<br>　*Attorney General* | 　Erika L. Maley (VSB #97533)<br>　　　*Principal Deputy Solicitor General* |
| Steven G. Popps (VSB #80817)<br>　*Deputy Attorney General* | 　Kevin M. Gallagher (VSB #87548)<br>　　　*Deputy Solicitor General* |
| Office of the Attorney General<br>202 North Ninth Street<br>Richmond, Virginia 23219<br>(804) 786-2071 – Telephone<br>(804) 786-1991 – Facsimile<br>AFerguson@oag.state.va.us | 　Travis S. Andrews (VSB #90520)<br>　　　*Assistant Attorney General*<br><br>　Charles J. Cooper (*Pro Hac Vice*)<br>　Haley N. Proctor (VSB #84272)<br>　Joseph O. Masterman (*Pro Hac Vice*)<br>　John D. Ramer (*Pro Hac Vice*)<br>　COOPER & KIRK, PLLC<br>　1523 New Hampshire Avenue, N.W.<br>　Washington, D.C. 20036<br>　Tel: (202) 220-9600<br>　Fax: (202) 220-9601<br>　ccooper@cooperkirk.com<br><br>　*Counsel for Defendants Glenn Youngkin and Kelly Gee* |

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on October 25, 2023, I served a copy of the above Objections by electronic mail on the following party at the following addresses.

Counsel for Plaintiff George Hawkins

Terry Catherine Frank
Terry Frank Law
6722 Patterson Ave
Ste B
Richmond, VA 23226
terry@terryfranklaw.com

Beauregard William Patterson
Fair Elections Center (DC-NA)
1825 K. Street NW
Suite 701
Washington, DC 20006
bpatterson@fairelectionscenter.org

Charles Henry Schmidt, Jr.
4310 Dorset Road
Richmond, VA 23234
charlieschmidtrva@gmail.com

Jonathan Sherman
Fair Elections Center
1825 K St. NW
Suite 701
Washington, DC 20006
jsherman@fairelectionscenter.org

                                         */s/ Andrew N. Ferguson*
                                             Andrew N. Ferguson (VSB #86583)
                                                   *Solicitor General*