UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GEORGE HAWKINS </br></br> Plaintiffs, </br></br> v. </br></br> GLENN YOUNGKIN, in this official capacity as Governor of Virginia, and KELLY GEE, in her official capacity as Secretary of the Commonwealth of Virginia </br></br> Defendants. | Civil Action No. 3:23-cv-00232 |

**DECLARATION OF NINA BECK**

I, Nina Beck, being first duly sworn, under oath, hereby declares as follows:

1.  I am one of the attorneys representing Plaintiff George Hawkins in the above-captioned action. I make this Declaration on personal knowledge of the facts and circumstances set forth herein, and in response to Defendants' Motion for Summary Judgment (ECF Nos. 60-61).

2.  Attached as **Exhibit A** is a true and correct copy of Governor Terry McAuliffe's Executive Order for the Restoration of Rights, dated May 31, 2016. An electronic copy of the archived Executive Order, previously available on the Commonwealth of Virigina's official website, is available at:

https://web.archive.org/web/20160602130236/https://www.commonwealth.virginia.gov/media/6082/restoration-of-rights-may-31-2016.pdf (last accessed on February 27, 2024).

3.  Attached as **Exhibit B** is a true and correct copy of Governor Terry McAuliffe's official Restoration of Rights policy memorandum, dated August 22, 2016. An electronic copy of

1

the archived policy memorandum, previously available on the Commonwealth of Virigina's official website is available at:

https://web.archive.org/web/20160902134018/https://www.commonwealth.virginia.gov/media/6733/restoration-of-rights-policy-memo-82216.pdf (last accessed on February 27, 2024).

4. Attached as **Exhibit C** is a true and correct copy of Governor Ralph Northam's official press release announcing reforms to the restoration of rights process eligibility criteria, dated March 16, 2021. An electronic copy of the archived press release is available on the Commonwealth of Virginia's official website for former-Governor Northam available at: https://www.governor.virginia.gov/newsroom/all-releases/2021/march/headline-893864-en.html (last accessed on February 27, 2024).

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of February, 2024.

/s/ Nina Beck
Nina Beck
Fair Elections Center

# Exhibit A



# COMMONWEALTH of VIRGINIA

## Executive Department

**Order for the Restoration of Rights**

**TO ALL TO WHOM THESE PRESENTS SHALL COME – GREETINGS:**

    **WHEREAS,** Article II, Section 1 of the Constitution of Virginia requires that all those convicted of a felony be deprived of their civil right to vote unless they have their civil rights restored by the Governor or other appropriate authority; and

    **WHEREAS,** this policy has permanently disenfranchised hundreds of thousands of Virginians who have completed their court-ordered sentences; and

    **WHEREAS,** such disenfranchisement disproportionately affects racial minorities and economically disadvantaged Virginians; and

    **WHEREAS,** Virginians have increasingly advanced the ideals of equality of all races and peoples, while rejecting the indefinite and unforgiving stigmatization of persons who have committed past criminal acts; and

    **WHEREAS,** the Governor is empowered by Article V, Section 12 of the Constitution of Virginia "to remove political disabilities consequent upon conviction," thus to restore the political rights of any persons disqualified by Article II, Section 1; and

    **WHEREAS,** the power granted to the Governor under Article V, Section 12 to remove political disabilities is absolute and without any limitation not expressly stated within the Constitution of Virginia; and

    **WHEREAS,** all individuals who have served the terms of their incarceration and any periods of supervised release deserve to re-enter society on fair and just terms, including to participate in the political and economic advancement of Virginia; and

    **WHEREAS,** the restoration of civil rights has been noted to achieve substantial benefits for those individuals who have felt long-exiled from mainstream life; and

    **WHEREAS,** democracy is strengthened by having more citizens involved in the political process;

**NOW, THEREFORE,** I, Terence R. McAuliffe, Governor of the Commonwealth of Virginia, by and through the authority vested in me under Article V, Section 12 of the Constitution of Virginia, do hereby order the removal of the political disabilities consequent upon conviction of a felony imposed by Article II, Section 1 of the Constitution of Virginia from all those individuals who have, between the 22nd day of April 2016 and the 30th day of April 2016, (1) completed their sentences of incarceration for any and all felony convictions; and (2) completed their sentences of supervised release, including probation and parole, for any and all felony convictions. The civil rights restored by this Order are: (1) the right to register to vote; (2) the right to hold public office; (3) the right to serve on a jury; and (4) the right to act as a notary public. Nothing in this Order restores the right to ship, transport, possess, or receive firearms.



Given under my hand and under the Lesser Seal of the Commonwealth at Richmond, on May 31, 2016, in the 240th year of the Commonwealth.

_____
**Governor of Virginia**

_____
**Secretary of the Commonwealth**

# Exhibit B

Governor McAuliffe's Restoration of Rights policy
August 22, 2016

Restoring the rights of individuals who have served their time and reentered society is the right thing to do. Virginia's felon disenfranchisement policy is rooted in a tragic history of voter suppression and marginalization of minorities, and it needs to be overturned. While Virginians continue to wait for the General Assembly to pass a constitutional amendment to permanently repeal this policy, the Governor is committed to doing everything in his power to restore the rights of Virginians who have completed their sentences.

The Constitution of Virginia grants the Governor the sole authority to restore the rights of individuals who have been convicted of a felony. While it is our position that the Governor's April 22nd action was clearly constitutional by any reasonable standard, he will proceed with individual restorations in accordance with the Virginia Supreme Court's order and the precedent of governors before him.

Today, the Governor is announcing next steps to proceed with individually restoring the rights of persons who have served their time and completed supervised release. This process is fair and transparent and fully complies with the restrictions outlined in the July 22nd Supreme Court decision. These actions stem from Governor McAuliffe's belief in the power of second chances and his determination that our Commonwealth will no longer treat these individuals like second class citizens.

It is the Governor's hope that this will be the last phase of this battle over the civil rights of these individuals, and that opponents of these actions will recognize his clear authority as well as the morality behind it. As we have seen, there are some in our society who believe people who commit felonies should lose their rights forever, despite having served the sentence that a judge and jury imposed for their crime. And there are others who believe a subjective evaluation of the severity of a person's crime should determine whether that individual is worthy to have his or her rights restored. As his actions demonstrate, Governor McAuliffe has faith in our criminal justice system and its ability to impose different sentences on different individuals in relation to the particular nature and circumstances of their offenses. After offenders serve those sentences, he believes they should have equal access under the law to have their rights restored. If a person is judged to be safe to live in the community, he or she should have a full voice in its governance.

Any action of this size and historic nature is difficult to perform without some administrative error. As the information below demonstrates, identifying these individuals (some of whom have been disenfranchised for decades) and restoring their rights is a significant undertaking of numerous state agencies that maintain information in different ways. The process we designed includes a multi-step review to ensure that the individuals being considered for restoration fully meet the Governor's criteria. However, it is possible that there will be discrepancies from time to time, and we will work to fix them as soon as they are identified. The difficulty of this administrative undertaking is not an excuse, however, for leaving hundreds of thousands of people disenfranchised.

The Governor's process moving forward is outlined below.

STEP 1: Re-restoring the rights of individuals who had their voter registration canceled as a result of the Virginia Supreme Court's decision:

- Following the July 22nd Supreme Court decision, the Department of Elections and Secretary of the Commonwealth (SOC) quickly complied with the Court's order for the Secretary of the Commonwealth to delete from the records any individuals who had their rights restored under these orders, and for the

- Department of Elections to cancel the voter registration of any individual whose rights were restored under these orders.  All individuals who registered to vote pursuant to Governor McAuliffe's April 22, May 31 and June 24 orders were mailed a cancellation notice from the Department of Elections.
- Since then, the SOC led a thorough review of the individuals who had their voter registration canceled to determine whether each individual meets the Governor's standards for restoration of rights and provided a recommendation to the Governor.
- On August 15, Governor McAuliffe approved the restoration of rights of nearly 13,000 people.  Certain individual cases remain under review.
- Individual restoration orders were printed with the Governor's signature under the Seal of the Commonwealth and mailed on Friday, August 19, to those newly restored individuals.
- Individuals whose rights were restored on or after August 15 have been updated in the SOC's database and communicated to the Department of Elections to remove those individuals from the prohibited voter list.
- SOC will release the names of newly restored individuals monthly. The list will be made available by request. The full list will also be included in Senate Document 2 (SD2) as it has been historically.

STEP 2: Restoring the rights of other qualified individuals.

- SOC is giving priority consideration to individuals who request restoration of their civil rights.  Those wishing to expedite restoration of their own rights may contact the SOC through the website www.commonwealth.virginia.gov/ror.
- In addition, the Secretary of the Commonwealth's office has identified individuals who may meet the Governor's standards for restoration: individuals who have been convicted of a felony and are no longer incarcerated or under active supervision by the Department of Corrections (DOC) or other state agency.
- Prioritizing by date since release from supervision and starting with those who have been released from supervision the longest, SOC will conduct a thorough review of each of these individuals, checking their records with Virginia State Police, DOC, State Compensation Board, Department of Juvenile Justice, Department of Criminal Justice Service, and Department of Behavioral Health and Developmental Services to ensure the individual meets the Governor's standards for restoration of rights.
- In addition to confirming completion of incarceration and supervised release, the SOC considers factors such as active warrants, pre-trial hold, and other concerns that may be flagged by law enforcement. Individuals in these circumstances or any with concerns about the accuracy of information analyzed from law enforcement will be held from our streamlined consideration process for further review.
- Upon completion of its review, SOC will make recommendations to the Governor to restore the rights of individuals who have been determined to meet his standards.
- The Governor will review SOC's analysis of each individual's record and will make the final decision on proposed candidates for restoration of rights.
- Upon the Governor's approval, SOC will issue and mail personalized restoration orders.
- SOC will release the names of newly restored individuals monthly. The list will be made available by request. The full list will also be included in Senate Document 2 (SD2) as it has been historically.

If you know of individuals who wish to have their rights restored, please have them submit a request on the Secretary of the Commonwealth's website www.commonwealth.virginia.gov/ror .  Individuals without internet access can call the SOC at 804-692-0104 or mail-in a contact form.

# Exhibit C

## 🗃 Archived Content

⚠ **Warning**: Some referenced links may not function correctly.



**For Immediate Release:** March 16, 2021
**Contacts:** Office of the Governor: Alenaa Yarmosky, Alena.Yarmosky@governor.virginia.gov

# Governor Northam Restores Civil Rights to Over 69,000 Virginians, Reforms Restoration of Rights Process

## New eligibility criteria mirror proposed Constitutional amendment

**RICHMOND**—Governor Ralph Northam today restored the civil rights of more than 69,000 Virginians using new eligibility criteria that mirror a proposed change to the Constitution of Virginia that would automatically restore voting rights to individuals upon completion of their sentence of incarceration.

Governor Northam announced that going forward, any Virginian released from incarceration will qualify to have their rights restored, even if they remain on community supervision. This change builds on a number of bipartisan reforms that have been made to the restoration of rights process over the last decade, including streamlining the application and eliminating the waiting period and the prerequisite that court costs and fees be paid prior to having one's rights restored. With today's announcement, Governor Northam has restored civil rights to more than 111,000 people since he took office.

"Too many of our laws were written during a time of open racism and discrimination, and they still bear the traces of inequity," **said Governor Northam**. "We are a Commonwealth that believes in moving forward, not being tied down by the mistakes of our past. If we want people

to return to our communities and participate in society, we must welcome them back fully—and this policy does just that."

Under current law, anyone convicted of a felony in Virginia loses their civil rights, including the right to vote, serve on a jury, run for office, become a public notary, and carry a firearm. Virginia remains one of the three states in the nation whose constitution permanently disenfranchises citizens with past felony convictions, but gives the governor the sole discretion to restore civil rights, excluding firearm rights.

"Restoring the rights of Virginians who have served their time makes it easier for these men and women to move forward with their lives," **said Secretary of the Commonwealth Kelly Thomasson**. "I am proud of Governor Northam's initiative to welcome these individuals back into society. All Virginians deserve to have their voices heard, and these changes demonstrate the Northam Administration's continued commitment to second chances, rehabilitation, and restorative justice."

During the 2021 General Assembly session, legislators approved a constitutional amendment that affirms the fundamental right to vote and automatically restores the civil rights of any individual, upon completion of their sentence of incarceration. The constitutional amendment has to be passed again by the General Assembly in 2022 before going to a voter referendum.

Governor Northam spoke at OAR of Richmond, a community leader in reentry services. In the coming days, he will visit other reentry service providers around Virginia to hear from returning citizens about their experiences, present them with their rights restoration documentation, and discuss the importance of the constitutional amendment that was passed by the General Assembly.

"This change will have a tremendous impact on the people we serve, enabling more Virginians to have their rights restored sooner," **said Sara Dimick, Executive Director of OAR of Richmond**. "OAR is committed to removing barriers for those who seek to be contributing members of their communities, and we look forward to working with newly eligible individuals to ensure they can exercise their civil rights."

For more information on restoration of rights, visit restore.virginia.gov.

# # #