IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GEORGE HAWKINS,
          Plaintiff,

v.
                                       Civil Action No. 3:23cv232

GLENN YOUNGKIN, in his official
Capacity as Governor of Virginia &
KELLY GEE, in her official
Capacity as Secretary of the
Commonwealth of Virginia,
          Defendants.

## OPINION

This matter comes before the Court on two motions to seal filed by the plaintiff, George

Hawkins, (ECF No. 54, 81), and a motion to seal filed by the defendants, Governor Glenn

Youngkin and Secretary of the Commonwealth Kelly Gee, (ECF No. 68).[1]

In this case, Hawkins asserts that Governor Youngkin's voting rights restoration system

violates the First Amendment. Under this system, an individual is eligible to apply for a restoration

of his civil rights only if he has completed his term of incarceration following a felony conviction.

The current rights restoration application requests the following information:

> (a) full legal name; (b) full name when convicted; (c) Social Security Number;
> (d) date of birth; (e) gender (male/female); (f) street address; (g) phone number;
> (h) email address; (i) court of conviction (Virginia Circuit Court, Out of State
> Circuit Court, Military Court, Federal Court); (j) citizenship status; (k) whether the
> applicant has been convicted of a violent crime, and if so, the crime and date of
> conviction; (l) whether the applicant has completed serving all terms of
> incarceration; (m) whether the applicant is currently on probation, parole, or other
> state supervision, and if so, the expected end date; and (n) checkbox requiring
> applicant to indicate either that they have "paid all fines, fees, and restitution" or

---

[1] Hawkins filed his motions to seal because, pursuant to Protective Order, (ECF No. 47),
the defendants designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" certain
material that he used in his filings. Practically speaking, the defendants seek to seal most of the
material redacted in Hawkins's filings.

that they are "currently paying my fines, fees, and restitution" with a receipt or payment plan from the court attached.

(ECF No. 59 ¶ 12.) The defendants' internal database compiles data "automatically imported from . . . [an] applicant's online application and/or information entered manually" by Secretary Gee's employees. (*Id.* ¶ 30.) The parties agree that the Court should seal all personally identifying information ("PII") in their filings from public view. But only the defendants seek to seal the internal database and all descriptions, summaries, and arguments related to it.

The public's interest in viewing most of the information that the parties seek to seal outweighs any competing interest in confidentiality. As discussed below, the Court will grant in part and deny in part the sealing motions, (ECF Nos. 54, 68, 81), and direct the parties to file unsealed copies of the documents in this case, redacting only PII from the public docket.

## I. DISCUSSION

Litigation occurs in public. *Warnick v. Arrowsmith*, No. 3:16v876, 2017 WL 2999025, at *5 (E.D. Va. July 14, 2017). This Court has previously discussed the importance of the public's right to know how the courts do their business:

> Courts do their business in public. Courts hear cases in public and announce their decisions in public, and they base their decisions on evidence the public can hear, view, or read.

> Courts do their business in public because cases affect more people than just the parties before the Court. People follow court proceedings for a variety of reasons. Sometimes, simple curiosity spurs interest in judicial proceedings. Sometimes, people want to know what happened in court so that they can guide their own future conduct. And, perhaps most important, sometimes people just want to check on the courts' exercise of power.

*Id.* And courts only reluctantly seal public documents: "[m]otions to file documents under seal are disfavored and discouraged." *See* Local Civ. R. 5(C).

Despite the importance of the information to the public, the "right to inspect . . . judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "Under common law, there is a presumption of access accorded to judicial records. This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Nixon*, 435 U.S. at 597). And under the First Amendment, sealing certain information is appropriate if doing so serves a compelling government interest and is narrowly tailored to serve that interest. *Id.* (finding that "the more rigorous First Amendment standard should . . . apply to documents filed in connection with a summary judgment motion in a civil case").

Finally, an "[a]greement of the parties that a document or other material should be filed under seal or the designation of a document or other material as confidential during discovery is not, by itself, sufficient justification for allowing a document or other material to be filed under seal." Local Civ. R. 5(C). And "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," explaining why sealing is necessary and detailing how governing case law supports granting the party's sealing request. *Id.*

Hawkins has moved to redact portions of his Memorandum in Support of his Motion for Summary Judgment and supporting documentation, including (1) "true and correct copies of two unredacted letters of support from State Senator Bill DeSteph to the Hon. Kay Cole James on behalf of two rights restoration applicants, both dated February 10, 2022;" (2) "a true and correct copy of a redacted email chain relating to a rights restoration applicant, dated November 8, 2022;" (3) "a true and correct unredacted copy of portions of Defendants' internal database showing information relating to rights restoration applications submitted between May 17, 2022 and

January 22, 2024;" (4) "true and correct copies of redacted emails from individuals regarding their rights restoration applications;" and (5) "a true and correct copy of an unredacted email from John Cosgrove to Secretary of the Commonwealth Kelly Gee 3 on behalf of a rights restoration applicant, dated December 11, 2023." (ECF No. 55, at 1–2.) He has also moved to redact arguments related to this information in his Reply Brief in Support of his Motion for Summary Judgment. (ECF No. 83.)

Hawkins "takes no position on whether the Sealed Documents should be sealed, with one exception." (ECF No. 55, at 4.) Because the defendants

> have designated the entire contents of [the internal database] as "Confidential" and/or "Attorney's Eyes Only," including any summary or description of the contents of the spreadsheet's data, such that the unsealed, publicly filed version of Plaintiff's Memorandum in Support of Motion for Summary Judgment contains sweeping redactions that are subject to this Court's ruling on this Motion to Seal as well.

(*Id.*) Hawkins asserts that the defendants' justification for redacting descriptions and summaries of the internal database—that it is an internal and confidential document—"fails to satisfy well-established Fourth Circuit law governing the sealing of judicial records and violates equally well-established principles governing public access to judicial records." (*Id.*)

The defendants respond that "sealing information that could be used to identify individuals who applied for voting restoration . . . serves a compelling government interest, and redacting those names is the least restrictive means of serving that interest." (ECF No. 64, at 5.) They assert that releasing information from the internal database "'could have a chilling effect on the Governor's' restoration process," and "any chill would extend to applicants who would know that their application information could later be publicly disclosed in civil litigation." (*Id.* at 8 (quoting *Taylor v. Worrell Enter., Inc.*, 242 Va. 219, 222 (1991). As to "the confidential and deliberative material" from the internal database, the defendants "would not have produced this material absent

4

the protective order." (*Id.* at 6.) They argue that it "reflects material that is predecisional (before the Governor makes his final decision) and deliberative (showing the manner in which the offices of the Secretary and Governor 'evaluate[] possible alternative . . . outcomes')." (*Id.* at 7 (quoting *Abe v. Va. Dep't of Env. Quality*, No. 3:20cv270, 2020 WL 9455203, at *1–2 (E.D. Va. Sept. 24, 2020)).)[2] The defendants contend that "[b]ecause the deliberative-process privilege permits [them] to withhold material *entirely*, the interests served by the deliberative-process privilege counsel in favor of sealing that material in this case." (ECF No. 64, at 8.) Importantly, the defendants are not asserting the deliberative-process privilege at this time: they have "selectively waive[d] the deliberative-process privilege for the material provided here." (*Id.* at 8 n.2.)

The defendants have also moved to redact portions of their Memorandum in Opposition to Hawkins's Motion for Summary Judgment and the Accompanying Declaration. (ECF No. 68.) They reiterate that redacting PII and "confidential, non-public information that would otherwise be subject to protection from public disclosure" "serves the compelling interest of protecting the privacy of non-parties who sought restoration of their civil rights and the compelling interest served by the traditional protection for non-public, pre-decisional, and deliberative material." (ECF No. 69, at 1.)

The defendants have failed to make the requisite showing that sealing much of the information at issue "serves an important governmental interest and that there is no less restrictive way to serve that governmental interest." *See Rushford*, 846 F.2d at 253. Specifically, their desire

---

[2] "Predecisional documents are 'prepared in order to assist an agency decisionmaker in arriving at his decision.'" *City of Virginia Beach v. U.S. Dep't of Com.*, 995 F.2d 1247, 1253 (4th Cir. 1993) (quoting *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 158, 184 (1975)). And "the deliberative process exemption protects 'recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency.'" *Id.* (quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)).

to seal the internal database and any descriptions, summaries, and arguments related to is not narrowly tailored. Granting the defendants' request to seal this material would result in sweeping, pages-long redactions throughout both parties' filings and supporting documentation and, as Hawkins notes, could "necessitate sealing the oral argument before this Court on April 23, 2024." (*See* ECF No. 83, at 5.) The Court will therefore deny in part the motions to seal. But the Court will grant the motions to the extent that they seek to seal PII. Because the public has a limited interest in knowing the names and personal information of individuals, the Court will allow all PII to remain sealed.

Counsel for the parties shall work together to file public copies of the documents in this case, with appropriate redactions as discussed above and in the accompanying Order. Public copies of the parties' filings and supporting documents shall be filed with the Court no later than April 17, 2024.

An appropriate Order shall issue.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 4 April 2024
Richmond, VA

/s/
John A. Gibney, Jr.
Senior United States District Judge